RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/8/10
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 09-00162 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILBERT C. ROSS | MAG. JUDGE KAREN L. HAYES |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, by virtue of Defendant's conviction on June 23, 2010, and based on the finding of forfeiture made by this Court on the same day, the United States is now entitled to possession of WILBERT C. ROSS's right, title, and interest in the following assets:

    a.    all counterfeit Federal Reserve Notes made or possessed by Ross; and

    b.    an HP Photosmart C3100 printer, serial number CN695C2055.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    The Court has determined, based on the evidence in the record, that the above-described property is subject to forfeiture, that Defendant had an interest in such property, and that the Government has established the requisite nexus between such property and offenses.

    2.    Based on Defendant's conviction, all right, title, and interest of Defendant WILBERT C. ROSS in the following property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853:

      a.    all counterfeit Federal Reserve Notes made or possessed by Ross; and

      b.    an HP Photosmart C3100 printer, serial number CN695C2055.

3.    Upon entry of this Order, the United States Marshal's Service is authorized to seize said assets on behalf of the United States, whether held by Defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

4.    Pursuant to Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853(n)(1), the government will publish for thirty (30) consecutive days on an official government internet site (www.forfeiture.gov), notice of this Order and of the U.S. Marshal Service's intent to dispose of the property in such a manner as the Attorney General may direct and notice that any person, other than the defendant, WILBERT C. ROSS, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

All such claims and answers must be filed with the Office of the Clerk, United States District Court, Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 with a copy thereof sent to Assistant United States Attorney Robin S. McCoy, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made a part of the sentence and included in the Judgment.

6. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interest, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 18, United States Code, Section 982(b) for the filing of third party petitions.

8. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

Monroe, Louisiana, this 8th day of November, 2010.

ROBERT G. JAMES
United States District Judge